<u>**NOT FOR PUBLICATION**</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                              :      Chapter 13

In re:                                       :

                                              :      Case No. 17-11375   (CGM)

      Larry Bronson,                           :

                                         Debtor.    :

                                              :
---------------------------------------------------------------X

**MEMORANDUM DECISION DECLARING NO STAY IN PLACE**

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

**Jurisdiction**

      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012.  This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay).

**Background**

      Debtor filed this chapter 13 on May 18, 2017.  Debtor is a repeat filer having previously filed a chapter 13 case, No. 16-12601, on September 12, 2016. That case was dismissed on March 13, 2017.  On June 22, 2017, Rudin moved for relief from stay in order to continue an eviction against the Debtor. The hearing was set to be heard on July 13, 2017.  Debtor requested that the hearing be adjourned due to medical reasons.  Rudin did not consent to the adjournment. As such, the Court decided that it would issue this written decision.

## Discussion

The automatic stay has expiredt in place and this is the second filing within one year and no motion to extend the stay has been made. Section 362(c) sets forth the duration of the automatic stay. Generally the automatic stay prevents "an act against property of the estate" until such property is no longer property of the estate. 11 U.S.C. § 362(c)(1). All other acts are stayed until the time the case is closed or dismissed, whichever is earlier. 11 U.S.C. § 362(c)(2).

Section 362(c)(3), a section added by the BAPCPA, limits the duration of the automatic stay under certain circumstances, unless a party timely moves to extend the stay. Section 362(c)(3) applies where one prior bankruptcy case was pending within the preceding year and provides that the automatic stay in the subsequent case will terminate "with respect to the debtor" on the 30th day after the filing "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease." 11 U.S.C. § 362(c)(3)(A).

Notwithstanding the provision in section 362(c)(3)(A), the automatic stay may be extended on motion by a party in interest. 11 U.S.C. § 362(c)(3)(B). The bankruptcy court may grant such a motion after notice and a hearing, *which shall be completed prior to* the expiration of the 30-day period. *Id.* (emphasis added). The court may extend the automatic stay under section 362(c)(3)(B) if the moving party meets its burden of proof that the filing of the instant case is "in good faith as to the creditors to be stayed." The standard of proof that the moving party must meet depends upon whether or not the instant case is presumed to have been filed in bad faith, a presumption which may arise under section 362(c)(3)(C).

The presence of one or more of the acts identified in section 362(c)(3)(C) will trigger the presumption that the instant case was filed in bad faith, and this presumption may only be rebutted by "clear and convincing evidence to the contrary." 11 U.S.C. § 362(c)(3)(C)(i). The

factor relevant to this case is whether there has been a substantial change in the financial or personal affairs of the debtor since dismissal of his last bankruptcy case, or any other reason why the instant case would not conclude with a confirmed and fully performed plan. See 11 U.S.C. § 362(c)(3)(C)(i)(III). If a substantial change in circumstance is not present or if the debtor is unlikely to confirm and complete a plan, the latest bankruptcy filing is presumably filed in bad faith as to all creditors. 11 U.S.C. § 362(c)(3)(C)(i).

If, on the other hand, the debtor's prior case was dismissed when either a creditor's motion for relief from the automatic stay was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of the creditor, the debtor's second filing is presumptively filed in bad faith only as to that creditor who moved for relief under 362(d) in the previous case. 11 U.S.C. § 362(c)(3)(C)(ii). It is unimportant to the analysis whether the dismissal was voluntary on part of the defendant or whether the dismissal was sought by the trustee. *See In re Sharpe*, No. 07-82868, 2008 WL 544929, at *2-*3 (Bankr. C.D. Ill. Feb. 27, 2008) (denying a motion to extend stay as to a creditor where a debtor's previous bankruptcy was dismissed for his failure to attend the Meeting of Creditors and that creditor had been granted relief from the stay in the previous action).

Moreover, Rudin holds a warrant of eviction. Mot., ECF No. 20, Ex. F. Even if there were a stay in place, the Court has no ground to deny the motion for relief from stay as the Debtor's interest is merely possessory. *In re GSVC Restaurant Corp.*, 3 B.R 491, 494 (Bankr. S.D.N.Y. 1980). "[T]he issuance of a warrant of eviction, whether by order or stipulation, terminates the lease, subject to the power of the state court to vacate such warrant for good cause shown prior to the execution thereof." *In re Éclair Bakery Ltd.*, 255 BR 121, 136 (Bankr. S.D.N.Y. 2000). "[T]he filing of a bankruptcy case does not revive the lease, and . . . the

bankruptcy court is not an appropriate forum for relitigating or otherwise negating matters that had been litigated, or agreed to, in state court." *Id.*

## Conclusion

For the foregoing reasons, Rudin's motion for relief from stay is granted. Rudin should submit a separate order in conformance with this decision.



**Dated: July 14, 2017**
    **Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**